UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| LACY CROW, SR. | * | CIVIL ACTION | |
| VERSUS | * | NUMBER | |
| ZURICH AMERICAN INSURANCE COMPANY, SUPERIOR RAILROAD, LLC and JOSEPH BARLOW | * | SECT | MAG |

******************************************************************************

COMPLAINT

**Complainant invokes the jurisdiction of this Court as established under Title 28, Section 1332 of the United States Code**.

The following named party is the petitioner herein, to-wit:

1. Lacy Crow, Sr., a person of full age and majority and domiciled in St. Charles Parish, Louisiana.

The above named Complainant respectfully represent as follows, to-wit:

I.

The following named parties are made respondents herein, to-wit:

(a) ZURICH AMERICAN INSURANCE COMPANY, a foreign insurance company authorized to do and doing business in the State of Louisiana;

(b) SUPERIOR RAILROAD, LLC, a foreign limited liability company with its principal place of business in Kansas City, Missouri; and

(c) JOSEPH BARLOW, a person of full age of majority domiciled in Hamilton, Missouri.

II.

The above named defendants are responsible and liable jointly, severally, solidarily and vicariously to complainant because of the following:

III.

This action results from a two vehicle collision occurring in St. Rose, St. Charles Parish, Louisiana on or about October 25, 2013.

IV.

Complainant, Lacy Crow, Sr., was driving his 2005 Mercedes C230 and proceeding eastbound on LA-626. At the same time a 2013 WesternStar Knuckleboom being driven by Joseph Barlow and owned by Superior Railroad, LLC was proceeding westbound on LA-626.

V.

Defendant, Joseph Barlow, had incorrectly loaded/secured a crane boom onto his truck, and the crane boom hooked several cables adjacent to LA-626, pulling them down. The crane boom then hit the elevated section of I-310, causing the crane boom to detach from his truck and fall onto LA 626 directly in front of complainant's vehicle, resulting in Lacy Crow, Sr.'s vehicle

to collide with the boom.

VI.

Upon the impact and collision, Lacy Crow Sr. was thrown about in the car.

VII.

As a result of the above accident, complainant, Lacy Crow, Sr., suffered and continues to suffer multiple personal, psychological and emotional injuries of a past, present, and continuing nature.

VIII.

Complainant, Lacy Crow, Sr., has undergone medical treatment since the accident and will undergo further treatment. Complainant was and still is limited from his normal activities as a result of the accident.

IX.

The sole and proximate cause of the injuries and damages sustained by complainant was the individual, joint, solidary, concurrent and/or successive negligence of Joseph Barlow which negligence includes but not limited to, to-wit:

(a) failure to maintain a proper look-out;

(b) failure to observe due caution;

(c) driving recklessly;

(d) failure to maintain control of his vehicle;

(e) striking petitioner's vehicle;

(f) inattentiveness while driving;

(g) failure to properly load his truck;

(h) failure to be attentive;

(i) failure to lower the crane boom on his truck prior to entering the roadway;

(j) failure to maintain vehicle condition;

(k) other negligence which may be proven at trial of this matter;

(l) failing to operate his vehicle at a reasonable rate of speed having due regard for traffic on LA-626, due regard for Lacy Crow, Sr.'s vehicle, the conditions present and the condition of the co-defendants' vehicle;

(m) failing to exercise reasonable safety for himself and others traveling on LA-626;

(n) failing to load his vehicle safely or otherwise maneuver his vehicle so as to avoid the collision;

(o) violated other unspecified rules, regulations and statutes;

X

The defendant, Superior Railroad, LLC, is guilty of the following additional acts of negligence, gross negligence, and/or omissions which proximately caused or proximately

contributed to the accident of October 25, 2013, described herein above and the injuries sustained by the complainant:

a) negligently and carelessly failed to properly select, train, and or supervise their driver, Joseph Barlow;

b) negligently and carelessly put or allowed to remain on the road an unqualified and/or reckless driver;

c) negligently and carelessly failed to screen and test their driver periodically to monitor and evaluate his safety orientation;

d) negligently and carelessly failed to develop, promulgate, adopt, and/or implement safety policies, procedures and practices for their driver;

e) negligently and carelessly permitted, allowed, and/or failed to stop their driver from operating motor vehicles in violation of 49 C.F.R. §395.3;

f) negligently and carelessly permitted, allowed, and/or failed to stop their driver, defendant Joseph Barlow, from violating the rules of 49 C.F.R. §390.35 and 395.8 regarding driver records and logs;

g) negligently and carelessly failed to provide periodic systematic safety and/or defensive driving training for their driver;

h) negligently and carelessly failed to provide remedial training of their driver,

Joseph Barlow;

i) negligently entrusted their vehicle to the defendant, Joseph Barlow;

j) negligent risk management;

k) any such other negligence or gross negligence and violations of rules, regulations, and statutes as may be shown at the trial of this matter.

l) negligently allowing or permitting the driver to have passengers in the truck who might distract the driver;

XI.

Lacy Crow, Sr. itemizes the damages to which he is entitled as a result of the accident and injury proximately caused by the above described negligence of Superior Railroad, LLC and Joseph Barlow as follows, to-wit:

(a) Past physical pain, suffering and discomfort

(b) Past mental anguish, aggravation, and annoyance

(c) Disability

(d) Future physical pain, suffering and discomfort

(e) Future mental anguish, aggravation and annoyance

(f) Past medical expenses

(g) Future medical expenses

(h) Property damage and sales tax

(i) Loss of use of vehicle

(j) Loss of enjoyment of life

(k) Loss of use/function of parts of body

(l) Bodily disability

(m) Impairment of psychological functioning

(n) Disability from engaging in recreation

XII.

Complainant, Lacy Crow, Sr., strictly reserves the right to amend and supplement this complaint as necessary concerning damages.

XIII.

Zurich American Insurance Company had issued a policy of public liability insurance insuring against the negligent operation of a motor vehicle on the date of accident in favor of Superior Railroad, LLC and its employees including Joseph Barlow, under which Barlow is an omnibus insured. As the insurer of the defendant employer and employee driver, said insurer is jointly, severally, solidarily and vicariously liable and responsible for the damages and negligence set forth above.

XIV.

At the time of the accident Joseph Barlow was acting in the course and scope of his employment with Superior Railroad, LLC as a driver. As the employer of Joseph Barlow, Superior Railroad, LLC is jointly, severally, solidarily and vicariously liable and responsible for the acts of negligence and damages caused by its said employee during the course and scope of said employee's employment.

XV.

Complainant further specifically pleads the doctrine of res ipsa loquitur in that the accident and injuries and damages would not have occurred in absence of the negligence of Superior Railroad, LLC and Joseph Barlow.

XVI.

Zurich American Insurance Company, Superior Railroad, LLC, and Joseph Barlow, are jointly, severally, solidarily and vicariously liable and responsible to complainant for the negligence and damages set forth above.

XVII

Complainant alleges the amount in controversy exceeds $75,000.00, the jurisdictional amount for diversity jurisdiction.

WHEREFORE, complainant prays that defendants be cited and served and that after due proceedings are had there be judgment in favor of complainant, Lacy Crow, Sr., and against the defendants, Zurich American Insurance Company, Superior Railroad, LLC and Joseph Barlow, jointly, severally, solidarily and vicariously for such sums as are reasonable in the premises together with legal interest thereon from date of judicial demand until paid and for all costs of these proceedings.

AND FOR ALL GENERAL AND EQUITABLE RELIEF.

AND THAT ALL EXPERT WITNESS FEES BE TAXED AS COSTS OF COURT.

Respectfully submitted,

MICHAEL HINGLE & ASSOCIATES, LLC

/s/Michael Hingle
Michael Hingle, T.A. #6943
For the Firm
220 Gause Blvd.
Slidell, LA 70458
985-641-6800
Fax: (985) 646-1471

**PLEASE SERVE:**

ZURICH AMERICAN INSURANCE COMPANY
through its registered agent for service of process:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

SUPERIOR RAILROAD, LLC
through the Louisiana Long Arm Statute on its registered agent for service of process:
Bo J. Williams
12085 N Highway B
P.O. Box 819
Richmond, MO 64085

JOSEPH BARLOW
through Louisiana Long Arm Statute
713 W. Berry
Hamilton, MO 64644